**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMANDO VALDEZ-BORJA,

    Defendant - Appellant.

No. 17-2119
(D.C. No. 2:16-CR-03390-KG-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

After entering into a plea agreement that included a broad waiver of his appellate rights, Defendant Armando Valdez-Borja pled guilty to conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). The district court accepted his plea and sentenced him to 41 months in prison, which was at the low end of the sentencing guideline range, followed by two years of supervised release.

---

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite the appeal waiver, Mr. Valdez-Borja has appealed the district court's judgment. The government has moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Discerning no meritorious issues for appeal, Mr. Valdez-Borja's attorney filed an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967) (defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous"). As required by *Anders*, defense counsel provided Mr. Valdez-Borja with a copy of the brief. In addition, the Clerk of Court gave him notice of his counsel's position and directed him to file a response showing why this court should not enforce the waiver. The deadline for doing so has passed, with no response.

After independently and thoroughly examining the record per *Anders*, *see id.*, we agree with the government and defense counsel that Mr. Valdez-Borja's appeal waiver was valid. *Hahn* instructs us to enforce appeal waivers as long as three conditions are met: (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. All three factors support enforcing the waiver here.

First, the matter on appeal falls within the scope of the waiver, which provides:

## WAIVER OF APPEAL RIGHTS

The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law . . . . In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255 . . . except on the issue of defense counsel's ineffective assistance.

Mot. to Enforce (Sept. 19, 2017), Ex. 1 at 6. Second, the motion to enforce pinpoints numerous excerpts from the plea agreement and the plea hearing that establish Mr. Valdez-Borja knowingly and voluntarily waived his right to appeal. Finally, we see nothing to suggest that enforcement of the appeal waiver would cause a miscarriage of justice.

Exercising our jurisdiction under 28 U.S.C. § 1291, we grant defense counsel's motion to withdraw and dismiss the appeal.

Entered for the Court
Per Curiam